## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Rivas Lopez, | No. CV-26-00292-PHX-MTL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

**I.**

Petitioner, a citizen of Mexico, has been present in the United States since October 1996. (Doc. 1 ¶ 45.)  Respondents arrested Petitioner on December 19, 2025.  (*Id.* ¶ 47.) Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a).  Respondents argue that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 7 at 2-3.)

**II.**

For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Based on this record, the Court finds that Petitioner is present without having been

admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.  Petitioner's statutory and regulatory claims must be denied.

As far as Petitioner alleges that his detention violates his due process rights, he is mistaken. The government began removal proceedings against Petitioner under procedures set forth in the INA.  An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigration Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing. These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution.

Finally, the Court also rejects Petitioner's argument that relief should be granted here because he is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d ——, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025).  Further, on March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal.  *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he must seek relief in the Central District of California.

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  This action is dismissed, all pending motions are denied as moot, and the Clerk of Court must enter judgment accordingly.

Dated this 17th day of March, 2026.

Michael T. Liburdi
United States District Judge